# United States Court of Appeals

### For the Eighth Circuit

_____

No. 14-1733

_____

United States of America

*Plaintiff - Appellee*

v.

$7,696.00 in United States Currency

*Defendant*

Lashaun Maurice Perry

*Claimant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: December 23, 2014
Filed: December 30, 2014
[Unpublished]

_____

Before WOLLMAN, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In this in rem civil forfeiture proceeding, claimant Lashaun Maurice Perry appeals the district court's[1] adverse grant of summary judgment. After de novo review, see United States v. 3234 Washington Avenue North, 480 F.3d 841, 842 (8th Cir. 2007), we affirm.

The government established, by a preponderance of the evidence, that the defendant property was substantially connected to drug trafficking, and thus was subject to forfeiture under 21 U.S.C. § 881(a)(6). See United States v. $124,700, 458 F.3d 822, 825 (8th Cir. 2006) (burden is on government to establish, by preponderance of evidence, that there is substantial connection between property and controlled substance offense). The government's evidence showed that the property (cash in various denominations) was seized in close proximity to other evidence of drug trafficking, see United States v. $117,920, 413 F.3d 826, 827, 829 (8th Cir. 2005) (affirming forfeiture of large amount of money, which was hidden in close physical proximity to other items that smelled like marijuana and materials known to be used to package and conceal drugs); United States v. $84,615, 379 F.3d 496, 498, 501-02 (8th Cir. 2004) (affirming forfeiture, where owner of large sum of seized cash was in possession of marijuana, and drug dog alerted when sniffing money); Perry gave inconsistent statements as to whether he owned the money, and offered no explanation for the inconsistency, see $84,615, 379 F.3d at 502 (claimant's behavior during seizure--including lying to officer--undermined credibility of his assertions of legitimate reasons for possessing money); and known drug traffickers provided affidavits testifying to Perry's recent drug-trafficking activity. In response, Perry did not submit evidence materially refuting the government's case or proving his assertions that the money came from legitimate sources. See 3234 Wash. Ave. N., 480 F.3d at 843-44 (at summary judgment stage, if government meets its burden of

---

[1]The Honorable Jon S. Scoles, United States Magistrate Judge for the Northern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

proof, it will prevail unless claimant introduces evidence materially refuting government's case or supporting his case of affirmative defense).

The judgment is affirmed.

_____